**JUDGE McMAHON**  08 CV 4312

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
FIVE OCEAN CORPORATION
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

RECEIVED
MAY 07 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIVE OCEAN CORPORATION,

          Plaintiff,

    - against -

NOVOLOGISTICS SARL and NOVOSTEEL SA,

          Defendants.
------------------------------------------------------------X

08 Civ.     (   )

**VERIFIED COMPLAINT**

Plaintiff, Five Ocean Corporation ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendants, Novologistics SARL ("Novologistics") and Novosteel SA ("Novosteel") (collectively "Defendants"), alleges as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of Korea with an office and place

of business at 7th Floor, Jeong-An Bldg., 57-10 Seosomun-Dong, Chung-Ku, Seoul, Korea.

    3.     At all material times, defendant, Novologistics, was and now is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business at Avenue Jean-Jacques Rousseau 7, CH-2000 Neuchatel Switzerland.

    4.     At all material times, defendant, Novosteel, was and now is a corporation organized and existing under the laws of a foreign country with an office and place of business at Avenue Jean-Jacques Rousseau 7, CH-2000 Neuchatel Switzerland.

    5.     On information and belief, at all material times defendants, Novologistics and Novosteel are closely related companies operating as a single entity out of the same offices at Avenue Jean-Jacques Rousseau 7, CH-2000 Neuchatel Switzerland, with common employees and telephones and with Novosteel so dominating and disregarding the corporate form of Novologistics that, despite the charter party below being entered into by Novologistics, that contract was essentially entered into with both Novologistics and Novosteel acting as a single entity and, as set out below, with Novosteel making charter party freight payments to Plaintiff, despite Novosteel not being the named charterer under the charter party.

    6.     In the alternative, and on information and belief, Defendants, Novologistics and Novosteel acted as partners and/or joint ventures in connection with the charter party described below.

7. In the alternative, and on information and belief, defendant, Novosteel, acted and acts as the agent, holder of funds and payer of funds for Novologistics.

8. Pursuant to a contract of voyage charter party dated February 5, 2007, Plaintiff, as disponent owner, chartered the vessel M/V MERIDA to Novologistics, as the named charterer, for a voyage from Xiangang, P.R.C. to Cadiz, Spain and Bilboa, Spain. The charter provides for resolution of disputes between the parties by arbitration in London with English law to apply. Arbitration has been demanded by Plaintiff and is proceeding in London.

9. On information and belief, although the charter party was entered into by Novologistics, it appears Novologistics had no funds of its own to pay charter party freight. Both Novologistics and Novosteel are closely related companies, which operate out of a single office with common employees and telephones and act as a single entity with Novosteel dominating Novologistics and disregarding its corporate form and separateness. In this case on April 2, 2007, Novosteel paid charter party freight in the amount of $210,689.80 and $173,688.40, with its own funds or its funds which it had commingled with funds of Novologistics. In the circumstances, both Novologistics and Novosteel should each have liability to Plaintiff for any freight or demurrage due under the charter party.

10. On or about March 10, 2007, the Vessel arrived at Xiangang, P.R.C., the port of loading. Under the charter, a certain amount of allowed laytime was given to the charterer at the port of loading for the Vessel's call at that port with allowed laytime to be counted in accordance with the terms of the charter. The Vessel was delayed for an

extended period at Xiangang, however, and allowed laytime was exceeded and demurrage became due from charterer to Plaintiff.

11. As a result of the foregoing premises, demurrage under the charter remains due from Defendants to Plaintiff in the amount of $502,267.24, no part of which has been paid although duly demanded, together with interest and costs.

12. Costs, including solicitor's fees and expenses are routinely awarded to the successful party in London and Plaintiff claims the total of $60,000 representing a reasonable estimate of the likely solicitor's fees and costs to present and determine Plaintiff's claim in London.

13. Interest is also routinely awarded to the prevailing party in London on the foregoing amounts and Plaintiff claims interest at 7% compounded quarterly, as is customarily awarded by arbitrators in London, for a period of 3 years, or the sum of $113,031.73, the said period of time being a reasonable estimate for resolution of the claims in London.

14. By reason of the foregoing premises, Defendants owe Plaintiff the sum of $675,298.97 as best as can presently be calculated.

15. Defendants cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire or credits including but not limited to electronic fund transfers in the hands of garnishees in this District.

WHEREFORE, Plaintiff prays:

    A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

    B.    That, since Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property owing or otherwise the property of the Defendants up to the amount of $675,298.97 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

    C.    That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims; and

    D.    That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, that action be stayed pending resolution of the merits of the claim in London in accordance with the governing contract.

E.  That Plaintiff have such other, further and different relief as may be just and proper.

Dated: New York, New York
       May 7, 2008

                NOURSE & BOWLES, LLP
                Attorneys for Plaintiff
                FIVE OCEAN CORPORATION

By: _____
    Armand M. Paré, Jr. (AP-8575)
    One Exchange Plaza
    At 55 Broadway
    New York, NY 10006-3030
    (212) 952-6200

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

ARMAND M. PARÉ, JR., being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

Sworn to before me this
7th day of May, 2008

_____
Notary Public

MARY T. BANNON
Notary Public, State of New York
No. 01BA4785995
Qualified in New York County
Commission Expires February 28, 2010